### No. 156
### DOUD, Guard v. TIDBALL, EX et
### Ohio Appeals, 2nd Dist., Franklin Co.
### No. 1150. Decided Nov. 11, 1924.

19. ACCOUNTING—Will not be allowed, where there is failure to prove an implied or resulting trust.

1197. TRUST—Where wife consents to husband's managing of her affairs, no trust formed; either resulting or implied.

BY THE COURT.

#### Epitomized Opinion
Published only in Ohio Law Abstract

This was an action for an accounting, in the Franklin Court of Appeals. The petition showed that Sarah and John Tidball were husband and wife and each possessed a separate estate. Mr. Tidball died in Aug. 1920 and Mrs. Tidball in October 1921. Harry L. Doud was appointed guardian of Mrs. Tidball after Tidball's death and administrator of her estate after her decease.

Inventory of estates showed that John Tidball's real and personal property amounted to $32,057.17, while that of Mrs. Tidball was $32,411. Doud undertook to trace $18,776, the proceeds of rents, and certain sums of money alleged to have passed into Mr. Tidball's hands and charge his estate as trustee with the amount. It was brought out that Mr. and Mrs. Tidball maintained a joint bank account, but kept their real estate and investments separate. Rents were, however, collected by Mr. Tidball, and checks from the joint bank account

passed largely into the hands of Mr. Tidball. Upon these facts, Doud relied to support the claim of trusteeship, and to charge Tidball's estate.

The Court of Appeals held—If nothing else appeared on the record of the case, that the fact that certain of the property standing in Mrs. Tidball's name, passed into the hands of her husband, the claim of Doud for an accounting might be sustained. In the Court's judgment, however, any thoughts of the wrongful conversion of Mrs. Tidball's property by her husband must be discarded, necessarily as shown by evidence disclosing that the Tidballs lived a happy, devoted life of matrimony. The court says that the only debatable question is whether there was an implied or resulting trust assumed by Tidball. No such trust existed because of the admitted fact that Mr. Tidball was scrupulously careful in protecting his wife's interests. Stocks, bonds, etc., were kept in separate envelopes and were marked and distinguished. Mrs. Tidball it was shown by the record, fully understood that her husband handled her property and she consented by permitting him to continue in the management of her affairs.

Doud, not having made out a case of accounting and trust, the petition, was dismissed.

Attorneys—Weinland, Kehle & Atwood for Doud; Williams, Sinks & Williams and C. F. Schumacher for Tidball, ex; all of Columbus.